### CHAPMAN v. PRESZBURG.

(Supreme Court, Appellate Term.    March 5, 1909.)

1. Costs (§ 272*)—Appeal—Dismissal.

While an appeal from an order of the Municipal Court denying a motion to compel the giving of costs, from which no appeal lies, will be dismissed, with costs, yet, such court having been without authority to entertain the motion—Code Civ. Proc. § 3347, subds. 13, 14, being inapplicable, and not made applicable by Municipal Court Act, § 20, to such court, it not being one of record—the costs of dismissal should be paid from the costs improperly imposed on denial of the motion, and any balance should be returned.

[Ed. Note.—For other cases, see Costs, Dec. Dig. § 272.*]

2. Landlord and Tenant (§ 211*) — Repairs and Care of Lawn—Reduction of Rent.

In the absence of reference in an agreement for renting to the matters of repairs and care of lawns, the tenant can have no reduction on account thereof, whatever the provision in a prior lease, expired and of no effect.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 844, 845; Dec. Dig. § 211.*]

3. Landlord and Tenant (§ 200*)—Rent—Nonuse of Heat—Exercise of Option.

Under an agreement to occupy premises at a certain rent per month, to be reduced a certain amount, optional with the tenant choosing not to use the heating plant service, he is entitled to no reduction, in the absence of proof of exercise of the option.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 200.*]

---

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rop'r Indexes

**4. LANDLORD AND TENANT (§ 211\*) — RENTING AGREEMENT — ALLOWANCE FOR MOVING.**

Under an agreement for occupation of premises till a certain date, the tenant to receive notice in case the premises were sold and possession was desired, and, if possession was desired, to receive an allowance for expense of moving, he, having remained in possession till expiration of the period of hiring and made no claim for such expenses, was not entitled to deduction from his rent on account thereof.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 211.\*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Armand R. Chapman against Rudolf Preszburg. From a judgment for plaintiff, and from certain orders, defendant appeals. Judgment affirmed, and appeal from orders dismissed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and DAYTON, JJ.

Emanuel I. S. Hart, for appellant.
Gibson, Hulbert & Webb, for respondent.

MacLEAN, J.  The defendant herein appeals from the judgment rendered against him and in favor of the plaintiff, and, at the same time and by the same notice appeals from three "orders denying the motions to require the plaintiff to give security for costs on the ground that he resides without the state."  As no appeal lies from an order of the Municipal Court denying a motion to give security for costs (Enderlein v. Coghlan, 52 Misc. Rep. 658, 102 N. Y. Supp. 467), the appeal therefor will be dismissed, with $10 costs; but, inasmuch as the court below was without authority to entertain such motions, section 3268 and subdivisions 13 and 14 of section 3347 of the Code of Civil Procedure being inapplicable to the Municipal Court, nor made applicable even by section 20 of the Municipal Court act (Laws 1902, p. 1496, c. 580), as that court is not a court of record, the $10 costs of this dismissal should be paid from the costs improperly imposed upon the denial of the motions to give security for costs, and the balance, if any, should be returned to the defendant.

The plaintiff claimed and established his claim for rent for the months of March and April, 1908, even by admission upon this appeal; but the defendant failed to establish any right to counterclaim for nonuser of heat, repairs, caring for lawns, and moving expenses, aggregating the sum of $144.75, and therefore the same was properly disallowed.  Amid much that is irrelevant and immaterial, it appears from the following letter, agreed to by the plaintiff, that the defendant was a monthly tenant:

"November 4, 1907.

"Armand R. Chapman, Richmond Hill, L. I.—Dear Mr. Chapman:  Confirming our conversation of to-day's date, I agree to occupy the house, No. 1374 Union street, Brooklyn, N. Y., under the following conditions:

"First. That the rent is to remain as usual, $75 per month, including heat, and it is to be reduced to $50, optional, if I choose not to use the heating plant service.

"Second. That I am to receive, in case the house is sold, and possession desired, a notice in writing of at least three weeks, and four weeks, if possible.

"Third. That I am to receive, if possession is desired, $100 in cash to defray expenses of moving from said premises.

"It is understood that I agree to stay until May 1, 1908, upon your accepting these conditions.

"Yours faithfully,                                        Rudolf Preszburg."

Herein is no reference to repairs or caring for lawns, no obligation of the landlord, in the absence of express agreement, whatever was provided in an earlier lease for one year from October 1, 1906, to October 1, 1907, as that lease had expired, and was apparently of no force and effect between the parties after its expiration, nor was proof given of any right to claim for nonuser of heat, in the absence of proof of the exercise of the option by the defendant, or of claim for moving expenses under the above new and later agreement of the parties; the defendant having been notified on April 10, 1908, that possession would be required of him on April 30th following, the expiration of the period of his agreement of hiring, and according to the evidence remaining in possession of the premises for the months of March and April, 1908.

Judgment affirmed, with costs. Appeal from orders dismissed, with $10 costs. All concur.